# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Henager Family Museum, Inc. d/b/a National Veterans Memorial, | : : : : |
| Plaintiff, | : Case No. 2:17-cv-726 : : Judge |
| vs. | : : : Magistrate Judge |
| Columbus Downtown Development Corp., | : : : |
| Defendant. | : |

## COMPLAINT

For its complaint against Defendant, Columbus Downtown Development Corp. ("Defendant"), Plaintiff, Henager Family Museum, Inc d/b/a National Veterans Memorial ("Henager") alleges as follows:

## PARTIES

1. Henager is an Indiana nonprofit corporation with its principal office in Buckskin, Gibson County, Indiana.

2. Defendant is an Ohio nonprofit corporation with its principal office in Columbus, Franklin County, Ohio.

## NATURE & JURISDICTION

3. This is an action for Trademark Infringement and Unfair Competition brought pursuant to Sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a) and the common law of the state of Ohio.

4. The Court has jurisdiction over this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Title 28 of the United States Code, Sections 1331 and 1338.

5. The Court has personal jurisdiction over Defendant because, *inter alia*, Defendant is located in the Southern District of Ohio and does substantial business in the district.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (2).

## THE FACTS

**A.  Henager's Mark:  the Original "National Veterans Memorial."**

7. More than a decade ago, around May of 2004, Henager began using the mark "NATIONAL VETERANS MEMORIAL" in association with a museum that meets the objective of promoting public awareness of the need for reconciliation and recognition by all veterans (the "Objective") and honors American military veterans ("the NVM museum").

8. In furtherance of the Objective, Henager applied for the mark NATIONAL VETERANS MEMORIAL ("the Mark") with the United States Patent and Trademark Office (the "USPTO") on October 2, 2007.

9. On April 29, 2008, the USPTO awarded to Henanger ownership of United States Trademark Registration No. 3,420,974 ("the '974 registration") for the Mark.  A copy of the '974 registration is attached as **Exhibit A**.

10. The Mark is an "actual use" mark with USPTO under 15 U.S.C. § 1051(a).

11. Henager also has common law rights in the Mark, including the name NATIONAL VETERANS MEMORIAL, in at least Indiana, if not the greater Midwest.

12. Since the NVM museum opened, it has remained opened continuously until the present day and throughout that time it has been known by the name NATIONAL VETERANS MEMORIAL.

13. Since at least 2008, the NVM museum has operated the website http://www.nationalveteransmemorial.org/ (the "NVM museum website").

14. The NVM museum is dedicated to honoring American veterans of all military conflicts in which the United States has been involved, including veterans of all branches of United States military services.

15. Examples of promotional documents used by the NVM museum are attached collectively as **Exhibit B**.

16. The NVM museum is promoted online through the NVM museum website operated by Henager, the purpose of which is to generate interests in and financial support for the NVM museum and to generally publicize the nature of the NVM museum.

**B.     Defendant's Unlawful Use of Henager's Mark.**

17. Defendant is currently in the process of developing "a new memorial and museum being built in Columbus, Ohio to honor veterans' contributions to our free and safe society," which, according to Defendant's promotional materials, will be operated using the name NATIONAL VETERANS MEMORIAL & MUSEUM ("the NVMM").

18. Defendant intends to open the NVMM sometime in 2018.

19. Defendant is aggressively promoting the NVMM under the name NATIONAL VETERANS MEMORIAL & MUSEUM and is engaged in a nationwide

fundraising campaign for the construction of a building to be situated in Columbus, Ohio.

20. Defendant's promotional activities include a website used for the purposes of generating interest in and raising financial support for the NVMM.

21. Among the statements made by or on behalf of Defendant on the website for the NVMM in support of the NVMM is the following:

> **There are almost 22 million living veterans throughout the United States, from Greatest Generation to recent heroes coming home from Afghanistan and Iraq. And yet, there is no single monument or museum dedicated to the Veteran's experience.**

A copy of the page from the NVMM website which contains the above statement (http://www.nationalvmm.org/) is attached as **Exhibit C**.

22. In fact, the NVM museum is dedicated to the experiences of United States military veterans of all United States military conflicts.

23. The website for the NVMM promotes its proposed museum to the same consumers as those who are interested in memorial museums dedicated to American military veterans, such as the NVM museum. Website searches for "veterans memorial museums" or similar queries will result in access to both the NVM website and Defendant's website.

**C.** **The USPTO Informs Defendant that its application for NVMM "is refused because of a likelihood of confusion with the mark in U.S. Registration No. 3420974."**

24. Defendant applied for a trademark for "NATIONAL VETERANS MEMORIAL & MUSEUM" from the USPTO on October 6, 2016.

{K0625157.1}  4

25. Defendant's application is for an "intend-to-use" trademark under 15 U.S.C. § 1051(b).

26. The USPTO assigned Defendant' application serial number 87195052.

27. On January 23, 2017, the USPTO sent Defendant an office action letter. A copy of that office action letter is attached as **Exhibit D**.

28. In its office action letter to Defendant, the USPTO stated that "Registration of the applied-for mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 3420974."

29. U.S. Registration No. 3420974 is Henager's Mark.

30. The USPTO noted that:

Here, applicant's mark is **NATIONAL VETERANS MEMORIAL & MUSEUM** in connection with "Conducting guided tours of a museum; Education services, namely, providing displays and exhibits in the field of history; Education services, namely, providing displays and exhibits in the field of honoring the service and sacrifice of veterans of all eras, conflicts and branches of the military; Education services, namely, providing exhibitions, presentations and field trips in the fields of history and honoring the service and sacrifice of veterans of all eras, conflicts and branches of the military; Museum services; Museums."

The cited registration is **NATIONAL VETERANS MEMORIAL**, which is registered in connection with "Promoting public awareness of the need for reconciliation and recognition of all veterans."

31. In comparing Henager's Mark with Defendant's application, the USPTO established that the:

wording in the cited registration is fully contained within applicant's mark. Applicant has merely added the wording '& MUSEUM' to the wording in the cited registration….

{K0625157.1}  5

Accordingly, applicant's [Defendant's] mark is similar in sound, appearance and overall commercial impression to the mark in the cited registration [Henager's Mark].

32. Considering the relatedness of the services offered by Henager's Mark with Defendant's application, the USPTO cogently concluded that "upon encountering applicant's and registrant's marks, *consumers are likely to be confused and mistakenly believe that the respective services emanate from a common source*. Accordingly, *applicant's mark must be refused registration under Section 2(d) of the Lanham Act*." (emphasis added).

33. Defendant was provided six (6) months to respond to the USPTO's January 23, 2017 office action letter. ("TO AVOID ABANDONMENT OF APPLICANT'S TRADEMARK APPLICATION, THE USPTO MUST RECEIVE APPLICANT'S COMPLETE RESPONSE TO THIS LETTER **WITHIN 6 MONTHS** OF THE ISSUE/MAILING DATE BELOW. A RESPONSE TRANSMITTED THROUGH THE TRADEMARK ELECTRONIC APPLICATION SYSTEM (TEAS) MUST BE RECEIVED BEFORE MIDNIGHT **EASTERN TIME** OF THE LAST DAY OF THE RESPONSE PERIOD."). (emphasis in original).

34. But as of the date of the filing of this Complaint, Defendant has failed to even respond to the USPTO's office action letter. A copy of the USPTO docket for Defendant's application serial number 87195052 is attached as **Exhibit E**.

D. **Effect of Defendant's Unlawful use of the Mark.**

35. Defendant's continued use of the name NATIONAL VETERANS MEMORIAL & MUSEUM is confusingly similar to Henager's NATIONAL VETERANS

{K0625157.1}  6

MEMORIAL mark.  Defendant uses the name NATIONAL VETERANS MEMORIAL & MUSEUM for the same type of services – a military memorial/museum honoring American veterans – as those for which Henager uses the Mark.

36. Further, Defendant intends to operate the NVMM in the middle portion of the state of Ohio, an adjoining state to Indiana where Henager operates the NVM museum.  The NVMM will thus be situated in the same regional geographic area as the NVM museum.

37. The museum products and services which Defendant advertises and promotes for the NVMM using the name NATIONAL VETERANS MEMORIAL & MUSEUM are offered and/or promoted in the same channels of trade as those offered and/or promoted by Henager in connection with the NVM museum.  As the USPTO noted in its office action letter, Defendant's and Henager's advertising and promotional materials are directed to the same or similar consumers.  See **Exhibit D**.

38. Defendant's continued use of the name NATIONAL VETERANS MEMORIAL & MUSEUM in its advertising and promotional materials and in connection with the NVMM and its services is likely to diminish the goodwill associated with the NATIONAL VETERANS MEMORIAL mark.

39. If Defendant continues to use the name NATIONAL VETERANS MEMORIAL & MUSEUM in association with the NVMM, it will likely derive revenue from the products and services offered and/or promoted under that name.

40. Defendant's use of the name NATIONAL VETERANS MEMORIAL & MUSEUM is likely to cause confusion or mistake or to deceive consumers into believing

that the NVMM and the products and services advertised, promoted and offered at the NVMM are sponsored, licensed or authorized by, or affiliated, connected or otherwise associated with Henager and/or the NVM museum.

41. Henager's NATIONAL VETERANS MEMORIAL mark is registered with the USPTO, and is of public record. In fact, Defendant has actual knowledge of the Mark through the USPTO's office action letter. See **Exhibit D**.

42. Information concerning the NVM museum, including Henager's use of the NATIONAL VETERANS MEMORIAL mark for the NVM museum, is readily available through even a cursory Internet search.

43. Defendant's election to use a mark substantially similar if not identical to the NATIONAL VETERANS MEMORIAL mark is with full knowledge of Henager's ownership of the NATIONAL VETERANS MEMORIAL mark and Henager's right to use and control the use of the Mark – as the USPTO informed Defendant on January 23, 2017 – and Defendant has acted and continues to act without regard to Henager's property rights in and to the NATIONAL VETERANS MEMORIAL mark.

44. As a result of Defendant's use of the name NATIONAL VETERANS MEMORIAL & MUSEUM, Defendant is being unjustly enriched at Henager's expense, and Henager is in turn being damaged.

45. Defendant's use of the name NATIONAL VETERANS MEMORIAL & MUSEUM in association with the NVMM and the products and services to be offered by the NVMM has significantly injured Henager's interests. Specifically, Defendant: (a) has traded upon and continues to trade upon the significant and valuable goodwill in

the NATIONAL VETERANS MEMORIAL mark; (b) is likely to cause confusion among the consuming public, including patrons and potential donors, as to the source, sponsorship or affiliation of the NVMM's products or services; (c) has damaged and threatens to further damage Henager's significant and valuable goodwill in the NATIONAL VETERANS MEMORIAL mark; (d) has injured and threatens to further injure Henager's right to use the NATIONAL VETERANS MEMORIAL mark as the exclusive indicia of origin of the NVM museum products and services in Indiana and throughout the United States; and (e) has lessened the capacity of the NATIONAL VETERANS MEMORIAL mark to indicate that the products and services associated with the Mark are sponsored by Henager and associated with the NVM museum.

46. Unless Defendant's unlawful use of the name NATIONAL VETERANS MEMORIAL & MUSEUM is enjoined by the Court, such unlawful use will cause irreparable injury to Henager and to the public for which there is no adequate remedy at law.

47. Defendant's unlawful use of the name NATIONAL VETERANS MEMORIAL & MUSEUM has been and continues to be deliberate, willful, intentional and in bad faith, with full knowledge and conscious disregard of Henager's rights in and to the NATIONAL VETERANS MEMORIAL mark. In view of the egregious nature of Defendant's actions, this is an exceptional case within the meaning of Section 35a of the Lanham Act, 15 U.S.C. §1117(a).

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1)(a)

48. Henager incorporates by reference the allegations contained in the preceding and following paragraphs of this Complaint as if fully set forth herein.

49. The acts of Defendant complained of herein are likely to cause confusion, mistake, or deception as to origin, sponsorship or approval and therefore constitute federal trademark infringement and violation of 15 U.S.C. § 1114(1)(a).

50. Defendant's actions constitute knowing, deliberate and willful infringement of Henager's rights in and to the NATIONAL VETERANS MEMORIAL mark, which renders this an exceptional case under 15 U.S.C. § 1117(a).

## COUNT II
## UNFAIR COMPETITION UNDER 15 U.S.C. § 1114(1)(a)

51. Henager incorporates by reference the allegations contained in the preceding and following paragraphs of this Complaint as if fully set forth herein.

52. The acts of Defendant complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act and 15 U.S.C. § 1114(1)(a). Henager is entitled to recover actual and treble damages, attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117 and injunctive relief pursuant to 15 U.S.C. § 1116.

53. Defendant's actions constitute knowing, deliberate and willful infringement of Henager's rights in and to the NATIONAL VETERANS MEMORIAL mark, which renders this an exceptional case under 15 U.S.C. § 1117(a).

## COUNT III
## FALSE DESIGNATION UNDER 15 U.S.C. § 1114(1)(a)

54. Henager incorporates by reference the allegations contained in the preceding and following paragraphs of this Complaint as if fully set forth herein.

55. Defendant's wrongful use of the name NATIONAL VETERANS MEMORIAL & MUSEUM in association with the NVMM is likely to cause confusion, mistake and deception among consumers as to the affiliation, connection and association of the NVM museum with the NVMM, and/or to deceive consumers as to the origin, sponsorship and approval by Henager of the NVMM.

56. Defendant's use of the name NATIONAL VETERANS MEMORIAL & MUSEUM in association with the identification and promotion of the NVMM constitutes false designation under 15 U.S.C. § 1114(1)(a).

57. Defendant's actions constitute knowing, deliberate and willful infringement of Henager's rights in and to the NATIONAL VETERANS MEMORIAL Mark, which renders this an exceptional case under 15 U.S.C. § 1117(a).

**PRAYER FOR RELIEF**

WHEREFORE, Henager prays that the Court enter judgment in its favor and against Defendant as follows:

a. Defendant, its agents, servants, employees, board members, attorneys and all those persons in active concert or participation with any of them, be permanently enjoined from using the name NATIONAL VETERANS MEMORIAL & MUSEUM, and any other name that is confusingly similar to the NATIONAL VETERANS MEMORIAL mark;

b. Defendant, its agents, servants, employees, board members, attorneys and all those persons in active concert or participation with any of them, be required to modify all signage, advertising, social media usage and promotional materials to eliminate the name NATIONAL VETERANS MEMORIAL & MUSEUM therefrom, and any other mark that is confusingly similar to the NATIONAL VETERANS MEMORIAL mark;

c. Defendant, its agents, servants, employees, board members, attorneys and all those persons in active concert or participation with any of them, be

      required to deliver to the Court for destruction, or show proof of destruction, any and all labels, signs, prints, packages, advertisements, and any other materials or media in Defendant's possession or control that use the name NATIONAL VETERANS MEMORIAL & MUSEUM, or any other mark that is confusingly similar to the NATIONAL VETERANS MEMORIAL mark;

d.     Defendant, its agents, servants, employees, board members, attorneys and all those persons in active concert or participation with any of them, be required to take all reasonably available steps to remove the name NATIONAL VETERANS MEMORIAL & MUSEUM, and any other name that is confusingly similar to the NATIONAL VETERANS MEMORIAL mark, as a designator of the NVMM from any listing in any business directory, internet directory, yellow pages and any other listing service;

e.     Defendant be ordered to file with this Court and to serve upon Henager, within thirty (30) days after the entry and service on Defendant of an injunction enjoining its use of the name NATIONAL VETERANS MEMORIAL & MUSEUM, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

f.     Henager recover all damages it sustains as a result of Defendant's infringement and unfair competition, and that said damages be trebled;

g.     Defendant be ordered to conduct an accounting to determine the funds it has received through donations or otherwise resulting from the unlawful use of the name NATIONAL VETERANS MEMORIAL & MUSEUM, and order that such funds be paid over to Henager, with said amount increased as the Court finds to be just and proper under the circumstances of this case;

h.     Henager be awarded statutory damages as provided in 15 U.S.C. § 1117(d);

i.     Defendant and all others acting in concert with it be directed to pay punitive damages as permitted by law to deter Defendant and all others similarly situated from like unlawful conduct in the future;

j.     Henager recover its attorneys' fees;

k.     Henager recover its costs of this action and prejudgment and post-judgment interest; and

l.  Henager recover such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

/s/ Samir B. Dahman
Samir B. Dahman (0082647)
*Trial Attorney*
Alexis V. Preskar  (0095619)
Email:  sbd@kjk.com; avp@kjk.com
Kohrman Jackson & Krantz LLP
10 West Broad Street, Suite 1900
Columbus, OH 43215
Tel:  614.427.5750
Fax: 216.621.6536

*Counsel for Plaintiff Henager Family Museum, Inc. d/b/a National Veterans Memorial*

# JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Henager Family Museum, Inc. d/b/a National Veterans Memorial demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Samir B. Dahman